UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jo Ann V. Galati and Thomas Galati,

    Plaintiffs,

v.                                                  Civil No. 04-2966 (JNE/AJB)
                                                       ORDER

Pharmacia & Upjohn Company, Pfizer Inc.,
Wyeth, and Wyeth Pharmaceuticals, Inc.,

    Defendants.

Jo Ann V. Galati and Thomas Galati brought this action against pharmaceutical companies after she developed breast cancer allegedly caused by her ingestion of prescription hormone therapy medications. Shortly thereafter, the Judicial Panel on Multidistrict Litigation transferred the action to the United States District Court for the Eastern District of Arkansas for coordinated or consolidated proceedings. The Panel recently remanded the case to this Court.

The Galatis invoke jurisdiction pursuant to 28 U.S.C. § 1332 (2006), which provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *Id.* § 1332(a)(1). Pursuant to its independent obligation to determine whether subject matter jurisdiction exists, *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990), the Court observes that the Galatis have not properly alleged diversity jurisdiction. The Court orders them to establish their citizenship and to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

"When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v.*

1

*Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the parties invoking diversity jurisdiction, the Galatis bear the burden of establishing the citizenship of all parties. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

*Plaintiffs*

The Complaint identifies New York as the state where Jo Ann Galati resides. The Complaint does not contain a similar allegation with respect to Thomas Galati. For purposes of diversity jurisdiction, residence and citizenship are not synonymous. *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Accordingly, the Complaint does not allege the citizenship of either Jo Ann Galati or Thomas Galati.

*Defendants*

In their Complaint, the Galatis allege that "Defendant Pharmacia & Upjohn Company . . . is a Delaware corporation with its principal place of business in Michigan"; that "Defendant Pfizer Inc. . . . is a Delaware corporation with its principal place of business in New York, New York"; that "Defendant Wyeth dba Wyeth, Inc. is a Delaware corporation with its principal place of business in Madison, New Jersey"; and that "Defendant Wyeth Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in Collegeville, Pennsylvania." For purposes of § 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, the Complaint alleges that Defendants are citizens of Delaware, Michigan, New Jersey, New York, and Pennsylvania.

*Complete diversity*

Section 1332(a)(1) requires complete diversity of citizenship. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 n.6 (8th Cir. 1991). "Courts look to the facts as of the date an action is filed to determine whether or not diversity of citizenship exists between the parties." *Sheehan*, 967 F.2d at 1215. As noted above, Pfizer is a citizen of New York. By alleging that Jo Ann Galati resides in New York, the Galatis may have intended to allege that she is a citizen of New York. *Cf. Walker*, 108 F.3d at 161. If Jo Ann Galati is a citizen of New York, then complete diversity of citizenship does not exist.

*Conclusion*

Having failed to allege their citizenship, the Galatis have not satisfied their burden of establishing diversity jurisdiction. The allegations of Jo Ann Galati's residence and of Pfizer's principal place of business raise the concern that complete diversity of citizenship does not exist. *See Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006); *Dale*, 956 F.2d at 815. Within seven days of the date of this Order, the Galatis shall establish their citizenship at the time of this action's commencement and show cause why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: May 13, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge