UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jo Ann Galati and
Thomas Galati,

              Plaintiffs,

v.                                                        Civil No. 04-2966 (JNE/AJB)
                                                             ORDER

Pharmacia & Upjohn Company
f/k/a The Upjohn Company of
Delaware f/k/a The Upjohn Company;
Wyeth d/b/a Wyeth, Inc.; and
Wyeth Pharmaceuticals, Inc.,

              Defendants.

      This case is one of thousands of product-liability actions related to hormone replacement therapy that have been filed in Minnesota apparently to take advantage of Minnesota's generous statute of limitations. *See* Scott A. Smith, *Commentary: Minnesota's Statute of Limitations: Closing the Loophole*, Minn. Lawyer, Mar. 31, 2008; *see also* Minn. Stat. § 541.05 (2008) (providing six-year limitations period for negligence and fraud claims and a four-year period for strict-liability claims); *Fleeger v. Wyeth*, 771 N.W.2d 524 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004). Many cases, including this one, were initially consolidated into a multi-district litigation (MDL), but have now been remanded from the MDL.

      Plaintiffs are citizens of New York. Pharmacia & Upjohn Company f/k/a The Upjohn Company of Delaware f/k/a The Upjohn Company is a Delaware corporation with its principal place of business in Michigan. Wyeth d/b/a Wyeth, Inc., is a Delaware corporation with its principal place of business in New Jersey. Wyeth Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in Pennsylvania. Defendants designed, manufactured, produced, tested, studied, inspected, mixed, labeled, marketed, advertised, sold,

1

promoted, or distributed hormone therapy drugs. Jo Ann Galati ingested those drugs from approximately 1992 until 1996. She alleges that the hormone therapy drugs caused her to develop breast cancer. Because nothing filed in this case revealed any discernable connection to Minnesota, the Court ordered the parties to brief the propriety of transfer under 28 U.S.C. § 1404(a) (2006). Plaintiffs request transfer to the United States District Court for the Eastern District of New York. Defendants oppose transfer.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether to transfer venue under § 1404(a), a court is guided by "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The final inquiry, however, is highly fact dependent and does not rely on an "exhaustive list of specific factors." *Id.*

Here, the convenience of the parties and witnesses favors transfer. Although Plaintiffs initially chose to file this action in Minnesota, they have no connection to Minnesota and litigating in a forum near their residence would plainly be more convenient.[1] Defendants do not argue that New York would be more inconvenient for them than Minnesota. Furthermore, Jo Ann Galati's treating and prescribing physicians will be important witnesses, and ensuring their appearance at trial weighs in favor of transferring this action. Defendants identify no witnesses for whom New York would be a less convenient forum than Minnesota. As noted by another court in this District, "[b]ecause none of the parties is located in Minnesota, none of the relevant

---

[1] A plaintiff can choose to inconvenience herself by filing an action in an inconvenient forum, and the Court would not transfer this action "solely to eliminate an inconvenience that [Plaintiff] wants to bear." *See Kunz v. DJO, LLC*, Civ. No. 10-712, 2010 U.S. Dist. LEXIS 75050, at *5 n.3 (D. Minn. July 26, 2010). As discussed later, however, the convenience to the witnesses and the interests of justice also strongly favor transfer.

events occurred in Minnesota, none of the alleged injuries has been suffered in Minnesota, and none of the evidence is present in Minnesota, Minnesota does not appear to be convenient for *anyone*." *Kunz v. DJO, LLC*, Civ. No. 10-712, 2010 U.S. Dist. LEXIS 75050, at *5 (D. Minn. July 26, 2010) (emphasis in original). Indeed, "*[a]ny* state with *any* connection to this lawsuit would be more convenient than Minnesota." *Id.* (emphasis in original).

Nevertheless, Defendants maintain that the interests of justice override any inconvenience to the parties and witnesses. The interests of justice typically involve considerations of (1) judicial economy, (2) the plaintiff's choice of forum, (3) comparative costs to the parties of litigating in each forum, (4) the parties' ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict-of-law problems, and (7) advantages of having a local court determine local law. *Terra*, 119 F.3d at 696. Defendants acknowledge that factors three through seven are neutral.

Defendants first argue that judicial economy supports keeping this action here "because there will be an opportunity for efficient coordination between the MDL proceedings and consistent and uniform treatment of all of the Minnesota cases." As evidenced by the remand from the MDL, however, such efficiencies as can be gained by consolidated proceedings have already been realized. Additionally, the Court fails to see how maintenance of this case, along with potentially thousands of other cases with no connection to Minnesota, promotes judicial economy. To the contrary, judicial economy supports transfer of this action to ensure that cases that need to be litigated in this District are not caught behind a bottleneck of cases with no connection to the District. *Cf. Ferens v. John Deere Co.*, 494 U.S. 516, 529 (1990) ("'Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.'" (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

Defendants next contend that Plaintiffs should be bound by their decision to file suit in Minnesota and be required to maintain the action here. This argument ignores the fact that § 1404(a) is not "for the benefit only of the moving party." *Id.* Rather, § 1404(a) "also exists for the benefit of the witnesses and the interest of justice, which must include the convenience of the court. . . . The desire to take a punitive view of the plaintiff's actions should not obscure the systemic costs of litigating in an inconvenient place." *Id.*; *see also In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) ("The Supreme Court has clearly indicated that either a defendant or a plaintiff can move for change of venue under § 1404(a) and that the same treatment and consideration should be given to the motion for transfer regardless of who the movant of that motion may be."). Plaintiffs' choice of forum in this case does not overcome the systemic costs of maintaining this action in Minnesota.

Finally, Defendants argue without citation to relevant legal authority that the interests of justice "weigh[] strongly against a Minnesota court requiring the courts of another state to open [their] doors to cases to which the policy of that state would close the doors." Setting aside the fact that the ninety-four federal district courts are not courts of a *state*, this is exactly what the law permits. The plaintiffs in *Ferens* brought contract and warranty claims in federal court in Pennsylvania arising from injuries suffered from an accident in Pennsylvania. *Ferens*, 494 U.S. at 519. Because the Pennsylvania statute of limitations would have barred the plaintiffs' tort claims, they brought those claims in federal court in Mississippi to take advantage of Mississippi's longer statute of limitations. *Id.* at 519-20. The plaintiffs later requested, without opposition from the defendant, that the Mississippi action be transferred to Pennsylvania. *Id.* at 520. In holding that the law of the transferor court applies in the transferee court even if the plaintiff requested the transfer, the Supreme Court stated that "[o]ur rule may seem too generous because it allows the [plaintiffs] to have both their choice of law and their choice of forum, or
4

even to reward the [plaintiffs] for conduct that seems manipulative." *Id.* at 531. But the Court found "no alternative rule that would produce a more acceptable result." *Id.* Therefore, although a court "may consider the course that the litigation already has taken in determining the interest of justice," *id.*, a plaintiff's desire to choose the applicable law and forum does not affect that determination. Consequently, the interests of justice support transfer of this action.[2]

For the convenience of the parties and witnesses and in the interests of justice, IT IS ORDERED THAT:

1. This action is transferred to the United States District Court for the Eastern District of New York for further proceedings.

2. The Clerk of Court is directed to effect the transfer.

Dated: August 20, 2010

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[2] Defendants also argue that transfer of this action is not warranted because "no other district in the country . . . would have permitted [Plaintiffs'] lawsuit to be litigated because when [Plaintiffs] filed suit on June 16, 2004, [their] case was time-barred under every state's laws, including Minnesota's." This argument misapprehends § 1404(a)'s limitation on an action being transferred "to any other district or division where it might have been brought." "[T]he fact that the statute of limitations would have barred a suit in the proposed transferee district does not preclude a finding that it is a district in which the action 'might have been brought.'" 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3845 (2007). Instead, the relevant considerations are whether the defendant would be subject to personal jurisdiction in the transferee district, "whether the defendant would be amenable to service of process [there], whether venue would be proper there, and whether subject-matter jurisdiction would exist there." *CSI Tech., Inc. v. Commtest Instruments Ltd.*, Civ. No. 08-450, 2008 U.S. Dist. LEXIS 69337, at *7-8 n.4 (D. Minn. Aug. 26, 2008). Defendants do not argue that any of these considerations would have prevented this action from originally being brought in the Eastern District of New York. Accordingly, the Court rejects Defendants' argument.

5